**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 22, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GAEDEKE HOLDINGS VII LTD;
GAEDEKE OIL & GAS OPERATING,
LLC,

      Plaintiffs - Appellants,

v.

TODD BAKER; BAKER PETROLEUM
AND INVESTMENTS, INC.; LANDON
SPEED,

      Defendants - Appellees.

No. 17-6241
(D.C. No. 5:11-CV-00649-M)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **McKAY**, and **MORITZ**, Circuit Judges.
_____

Gaedeke Holdings VII Ltd. and Gaedeke Oil and Gas Operating, LLC

(collectively Gaedeke), appeal the district court's denial of Gaedeke's motions to

recover attorney fees and costs as untimely and its denial of an extension of time to

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

file such motions. Exercising jurisdiction under 28 U.S.C. § 1291, we reverse and remand for further proceedings consistent with this order and judgment.

## I. Background

After a jury verdict in Gaedeke's favor, the district court entered judgment on January 30, 2014. Gaedeke filed motions for attorney fees and costs 14 days later. *See* Fed. R. Civ. P. 54(d)(2)(B) ("Unless a statute or court order provides otherwise," a motion for attorney fees "must . . . be filed no later than 14 days after the entry of judgment."); W.D. Okla. LCvR54.1 (providing that cost motions "shall be filed not more than 14 days after entry of judgment."). Defendants moved the district court to stay Gaedeke's motions, or to deny them without prejudice, "until such time as post-trial motions and any appeal have been resolved." Aplt. App., Vol. II at 249 (footnote omitted). Defendants asserted in their motion that "[i]t simply makes sense to resolve all of these issues at one time—at the conclusion of any post-trial motions or appeals—rather than in piecemeal fashion," *id.* at 255, and they urged the court to reserve any ruling "until the ultimate conclusion of this matter," *id.* at 256. Gaedeke did not object to defendants' motion, as long as any stay the court entered applied to all parties. Gaedeke agreed that the court should avoid "having to visit the fees and costs issues more than once." *Id.* at 259.

The district court issued an order (Stay Order) on February 26, 2014, "find[ing] that the most appropriate course of action would be to deny the pending motions for attorney fees and costs without prejudice to refiling after the resolution of any appeals in this case." *Id.* at 267 (footnote omitted). The court noted that

2

several defendants had filed notices of appeal and that the time for doing so had not yet expired. The court directed that "[t]he parties may file any motions for costs and/or motions for attorney fees within fourteen (14) days of the resolution of all appeals in this case." *Id.* at 268.

The following day, Gaedeke moved under Fed. R. Civ. P. 59 to alter or amend the judgment, or for a new trial on damages. The district court granted a new trial on damages, and this court dismissed the pending appeals. After a second jury trial, the district court entered a new (second) judgment on December 11, 2015.

Defendant Baker Petroleum and Investments, Inc., moved for costs on December 28, 2015, arguing that it was a prevailing party because the jury had not awarded Gaedeke any monetary damages against Baker Petroleum. In response, Gaedeke moved to stay or deny without prejudice Baker Petroleum's motion for costs, pending resolution of appeals in the case. Gaedeke quoted the Stay Order, noted its intent to appeal, and urged that Baker Petroleum's cost motion "should accordingly be taken up after that appeal is resolved." *Id.* at 311. Gaedeke further argued that the Stay Order "ensures that Baker Petroleum will not be prejudiced in seeking costs if the appeal does not alter the results of the second trial." *Id.* at 312. Gaedeke filed a notice of appeal on January 4, 2016.

In response to Gaedeke's stay motion, Baker Petroleum asserted that its cost motion was now moot and it had no objection to denial of its motion without prejudice. Baker Petroleum stated that it sought costs only if fees and costs were awarded to Gaedeke against defendant Todd Baker, who is Baker Petroleum's sole

3

shareholder. But because Gaedeke had not moved for fees or costs following entry of the second judgment on December 11, 2015, Baker Petroleum contended that no fees or costs would be awarded to Gaedeke based on that judgment. Baker Petroleum argued, contrary to Gaedeke's assertion, that the deadline for cost and fee motions set forth in the Stay Order no longer applied because, according to an Advisory Committee Note to Fed. R. Civ. P. 54, a new 14-day period for filing cost and fee motions "automatically" began after the district court's entry of the second judgment, which followed the court's grant of Gaedeke's Rule 59 motion. Aplt. App., Vol. II at 318 (internal quotation marks omitted).

Gaedeke replied, urging the district court to grant its motion because Baker Petroleum had not objected to dismissal of its cost motion without prejudice. As to the Stay Order, Gaedeke argued that nothing in Rule 54 or the Advisory Committee Notes "supports the notion that the Court cannot prospectively extend the deadline for seeking costs and fees until after all appeals in a case." *Id.* at 321. Gaedeke contended that the Stay Order "extends the deadline for seeking fees and costs until resolution of 'any' and 'all' appeals in this case, not just the costs and fees attributable to the first trial." *Id.* (quoting Stay Order, *id.* at 267, 268).

The district court issued an order stating:

> In its response, [Baker Petroleum] states that its bill of costs and associated motion are moot and that it has no objection to the Court dismissing them without prejudice. Based on [Baker Petroleum's] statement, the Court DISMISSES [its] Bill of Costs and Motion for Costs and Brief in Support without prejudice. Additionally, based on the dismissal of [Baker Petroleum's] bill of costs and motion for costs, the Court FINDS plaintiffs' Motion to Stay or Deny Without Prejudice

4

> Defendant Baker Petroleum's Bill of Costs and Motion for Costs Pending Resolution of Appeal is now MOOT.

*Id.* at 324 (citations omitted). The court did not address in its order the parties' differing positions regarding the continuing applicability of the Stay Order. Gaedeke did not seek clarification from the district court at that time.

We affirmed the district court's judgment on March 30, 2017. Gaedeke filed renewed cost and fee motions on April 13, 2017. Defendants objected, contending that Gaedeke's motions were untimely. They argued that the Stay Order applied only to the first round of appeals from the original judgment entered on January 30, 2014, because, according to Rule 54(d) and the Advisory Committee Notes, the new judgment entered on December 11, 2015, automatically began a new 14-day period for the filing of cost and fee motions. Defendants argued that, in the Stay Order, "any appeals" referred only to appeals from that first judgment. Gaedeke responded that the plain language of the Stay Order ("any appeals" and "all appeals") precluded an "automatic" new 14-day deadline following entry of the second judgment.

In ruling on defendants' objections, the district court quoted Rule 54(d)(2)(B)(i) and a portion of the Advisory Committee Notes, emphasizing the commentary language stating that "'[a] new period for filing will automatically begin if a new judgment is entered following . . . the granting of a motion under Rule 59.'" Aplt. App., Vol. III at 560 (quoting Fed. R. Civ. P. 54(d) advisory committee's note to 1993 amendment). It then held that, based upon that Rule and the commentary, plaintiffs' motions for attorney fees and costs were untimely. The court explained:

> Specifically, the Court finds that while this Court's [Stay Order] established a deadline for filing motions for attorney fees and costs after the resolution of any appeals in this case, this order was filed prior to the motion for new trial on damages being filed, prior to the Court granting the motion for new trial on damages, and prior to the Court entering a new judgment on December 11, 2015. The Advisory Committee Notes clearly and expressly indicate that the entry of a new judgment following the granting of a motion for a new trial under Federal Rule of Civil Procedure 59 triggers the running (for a second time) of the fourteen day time period set forth in Rule 54(d)(2)(B). *See, e.g., Quigley v. Rosenthal*, 427 F.3d 1232, 1236-37 (10th Cir. 2005) (finding same portion of Advisory Committee Notes indicated entry of judgment following reversal on appeal triggered running for second time of fourteen day time period set forth in Rule 54(d)(2)(B)). Plaintiffs' motions for attorney fees and costs, therefore, were to be filed on or before December 28, 2015. Because plaintiffs' motions were not filed until April 13, 2017, the Court finds these motions should be denied as untimely.

Aplt. App., Vol. III at 560-61 (footnote omitted).

Gaedeke filed a motion for relief from judgment under Fed. R. Civ. P. 60(b) and a motion for an extension of time to submit cost and fee motions under Fed. R. Civ. P. 6(b). Gaedeke asserted that it had reasonably interpreted the Stay Order consistent with the plain meaning of the phrase "all appeals in this case" and that its construction of the order was objectively correct. Further, any mistake by Gaedeke in understanding the district court's intent was inadvertent, made in good faith, and excusable, warranting an extension of time. The district court denied both motions, finding that Gaedeke failed to show excusable neglect. It stated:

> Specifically, the Court finds that while plaintiffs were mistaken in their understanding of the [Stay Order], it was plaintiffs' ignorance and/or mistake regarding Federal Rule of Civil Procedure 54(d)(2)(B) that ultimately caused their motions for attorney fees and costs to be untimely. Further, as stated in the Court's October 24, 2017 Order, the Advisory Committee Notes to Rule 54 "**clearly and expressly** indicate that the entry of a new judgment following the granting of a motion for a new trial under

6

Federal Rule of Civil Procedure 59 triggers the running (for a second time) of the fourteen day time period set forth in rule 54(d)(2)(B)." Based upon the Tenth Circuit's decision in *Quigley*, the Court finds that plaintiffs' ignorance and/or mistake regarding Rule 54(b)(2)(B) does not constitute excusable neglect . . . .

Aplt. App., Vol. III at 669-70 (citation omitted). Gaedeke appeals the district court's denial of its cost and fee motions as untimely and its denial of an extension of time to file such motions.

## II.    Discussion

We review a district court's decisions on cost and fee motions for an abuse of discretion. *See Xlear, Inc. v. Focus Nutrition, LLC*, 893 F.3d 1227, 1233 (10th Cir. 2018) (reviewing fee award); *Dullmaier v. Xanterra Parks & Resorts*, 883 F.3d 1278, 1295 (10th Cir. 2018) (reviewing cost award). A district court abuses its discretion "where no rational basis exists in the evidence to support its ruling," or when it "commits legal error [or] relies on clearly erroneous factual findings." *Dullmaier*, 883 F.3d at 1295. "Although the overarching standard of review is for an abuse of discretion, we review the statutory interpretation or legal analysis that formed the basis of [an order] de novo." *Xlear, Inc.*, 893 F.3d at 1233 (brackets and internal quotation marks omitted). In undertaking our review, we give substantial deference to the district court's interpretation of its own orders. *See William B. Schnach Ret. Trust v. Unified Capital Corp. (In re Bono Dev., Inc.)*, 8 F.3d 720, 721-22 (10th Cir. 1993) ("The bankruptcy court surely knows more about the meaning of its own order than we do, and its interpretation of its order . . . is entitled to substantial deference."). We also review for an abuse of discretion the district court's denial of

7

motions under Rules 6(b) and 60(b).  *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016) (Rule 6(b) motion); *Dronsejko v. Thornton*, 632 F.3d 658, 664 (10th Cir. 2011) (Rule 60(b) motion).

## A.     Denial of Gaedeke's Cost and Fee Motions as Untimely

Rule 54(d)(2)(B) sets forth the timing for filing a motion for attorney fees.  It directs that "[u]nless a statute or a court order provides otherwise, the motion must . . . be filed no later than 14 days after the entry of judgment."  Fed. R. Civ. P. 54(d)(2)(B)(i).  The Advisory Committee Notes to Rule 54(d)(2) provide, in pertinent part:

> Filing a motion for fees under this subdivision does not affect the finality or the appealability of a judgment, though revised Rule 58 provides a mechanism by which prior to appeal the court can suspend the finality to resolve a motion for fees.  If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved.  A notice of appeal does not extend the time for filing a fee claim based on the initial judgment, but the court under subdivision (d)(2)(B) may effectively extend the period by permitting claims to be filed after resolution of the appeal.  A new period for filing will automatically begin if a new judgment is entered following a reversal or remand by the appellate court or the granting of a motion under Rule 59.

Fed. R. Civ. P. 54(d) advisory committee's note to 1993 amendment.  The Local Civil Rules of the United States District Court for the Western District of Oklahoma provide that cost motions "shall be filed not more than 14 days after entry of judgment."  W.D. Okla. LCvR54.1.

Gaedeke contends that its cost and fee motions were timely filed under the plain language of the Stay Order, which directed that "[t]he parties may file any

8

motions for costs and/or motions for attorney fees within fourteen (14) days of the resolution of all appeals in this case." Aplt. App., Vol. II at 268. Defendants counter that in using the phrase "all appeals in this case," the district court intended to reference only those appeals that were contemplated at the time the court entered the Stay Order. But we find that the Stay Order is ambiguous as to what the district court intended by its reference to "all appeals in this case." And the court's subsequent orders related to Gaedeke's cost and fee motions do not resolve that issue.

It is clear, however, that the district court denied Gaedeke's cost and fee motions as untimely based on its construction of Rule 54(d)(2)(B) and the commentary in the Advisory Committee Notes stating that "[a] new period for filing will automatically begin if a new judgment is entered following . . . the granting of a motion under Rule 59." Fed. R. Civ. P. 54(d) advisory committee's note to 1993 amendment; *see* Aplt. App., Vol. III at 560 (district court's order stating that "based upon Rule 54(d)(2)(B) and the Advisory Committee Notes, the Court finds that plaintiffs' motions for attorney fees and costs are untimely."). Gaedeke argues that the district court construed the Advisory Committee Notes as abrogating or superseding, *as a matter of law*, the Stay Order's post-appeal deadline for the filing of cost and fee motions. If Gaedeke is correct, the district court's denial of its motions as untimely was based on a legal error, as we will explain.

Defendants contend that, in issuing the Stay Order, the district court did not intend to abrogate or supersede the ordinary course of procedure under Rule 54 and the Advisory Committee Notes, pursuant to which an automatic, new 14-day filing

9

period for fee motions is triggered when the court enters a new judgment after granting a Rule 59 motion. Defendants urge us to defer to the district court's construction of its own order and affirm its denial of Gaedeke's fee motion as untimely. Defendants do not explain, however, why the district court would intend that the relevant sentence in the Advisory Committee Notes, which addresses an automatic new filing period for *fee* motions, would also abrogate the deadline in the Stay Order for the filing of *cost* motions.[1]

On the record before us, we do not find clear support for defendants' position. In denying Gaedeke's cost and fee motions as untimely, the district court did not say that "all appeals in this case" referred only to the appeals contemplated at the time it entered the Stay Order. Rather, it first acknowledged that it had "established a deadline for filing motions for attorney fees and costs after the resolution of *any appeals* in this case." *Id.* at 560 (emphasis added). Next it noted that the Stay Order preceded Gaedeke's Rule 59 motion, the second jury trial, and the entry of a new judgment. The court then stated that "[t]he Advisory Committee Notes clearly and expressly indicate that the entry of a new judgment following the granting of a motion for a new trial under [Rule] 59 triggers the running (for a second time) of the fourteen day time period set forth in Rule 54(d)(2)(B)." *Id.* Finally, the district court cited this court's decision in *Quigley v. Rosenthal*, 427 F.3d 1232, 1236-37 (10th Cir. 2005), for the similar proposition that the Advisory Committee Notes indicate that

---

[1] No party argues that the district court lacked authority to extend the deadline for cost motions beyond the timeframe set by the local rule.

10

entry of a new judgment following reversal on appeal triggers the running for the second time of the 14-day time period set forth in Rule 54(d)(2)(B). Thus, the district court's order appears to indicate, as Gaedeke argues, that it believed that the Advisory Committee Notes were controlling.

Gaedeke's position is further supported by the district court's basis for denying Gaedeke's motions for an extension of time to file its cost and fee motions. The court held that it was Gaedeke's "ignorance and/or mistake regarding [Rule] 54(d)(2)(B) that ultimately caused [its] motions for attorney fees and costs to be untimely." Aplt. App., Vol. III at 669-70. The court then quoted its previous order denying the cost and fee motions, emphasizing that the Advisory Committee Notes "**clearly and expressly**" indicate that a new judgment triggers a new filing period for fee motions. *Id.* (internal quotation marks omitted). The district court held that Gaedeke's "ignorance and/or mistake regarding Rule 54(b)(2)(B) did not constitute excusable neglect for purposes of Rule 6(b)," *id.* at 670, and consequently, Gaedeke also failed to present circumstances warranting relief under Rule 60(b).

Gaedeke argues that the district court misconstrued Rule 54 and the Advisory Committee Notes. As Gaedeke emphasizes, the Rule dictates a 14-day, post-judgment deadline for fee motions "*unless a statute or a court order provides otherwise*." Fed. R. Civ. P. 54(d)(2)(B) (emphasis added). As the district court noted in entering the Stay Order, *see* Aplt. App., Vol. II at 267 n.1, the Advisory Committee Notes state that, "[i]f an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny

11

the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved," Fed. R. Civ. P. 54(d) advisory committee's note to 1993 amendment. The Notes *also* include language, relied on by the district court in denying Gaedeke's cost and fee motions as untimely, stating that "[a] new period for filing will automatically begin if a new judgment is entered following a reversal or remand by the appellate court or the granting of a motion under Rule 59." *Id.* Gaedeke argues, and we agree, that Rule 54 gives district courts discretion to extend the deadline for filing fee motions, including to a point in time after the resolution of "all" appeals. The Advisory Committee Notes do not limit that discretion, nor do they abrogate or supersede such a deadline set by court order. Moreover, defendants do not disagree. *See* Aplee. Br. at 6 ("Defendants do not now contend, and never have, that the district court was without authority [to] extend the filing deadlines as [it] saw fit.").

Thus, upon the entry of a new judgment after the granting of a Rule 59 motion, the Advisory Committee Notes do not, as a matter of law, abrogate or supersede an existing court order extending the deadline to file fee motions to "within fourteen (14) days of the resolution of all appeals in this case," Aplt. App., Vol. II at 268. To the extent the district court relied on our decision in *Quigley* for such a proposition, it was error to do so because we did not decide that question in *Quigley*. Rather, we addressed a different contention: whether an amended final judgment entered in that case qualified as a "judgment" for purposes of Rule 54(d)(2)(B). *See* 427 F.3d at 1236-37 (holding that the amended final judgment qualified because an appeal could

12

be taken from it). We noted that the Advisory Committee Notes bolstered this conclusion by "outlin[ing] what happens if an amended judgment is entered following an appeal." *Id.* at 1237. And we held that the district court "correctly concluded that the amended final judgment it entered . . . constituted a 'judgment' for purposes of Rule 54." *Id.* We did not expressly take up or decide in *Quigley* the effect of the Advisory Committee Notes on an order entered by the district court in that case denying the appellants' pending fee motion without prejudice and allowing them to "renew their motion if future circumstances warrant," *id.* at 1234 (internal quotation marks omitted).

Today we hold only that a district court may, consistent with Rule 54(d)(2)(B), extend the time period for filing fee motions until after the resolution of all appeals in a case, and that the Advisory Committee Notes do not automatically abrogate or supersede the terms of such an order upon the entry of a new judgment after the granting of a Rule 59 motion. To the extent the district court held otherwise, it was error. Moreover, to the extent the district court held that the commentary it cited had any effect on the extension of time it granted in the Stay Order for filing *cost* motions, that holding was also error. The commentary in question addresses only the beginning of a new 14-day filing period for *fee* motions.

We reverse the district court's denial of Gaedeke's cost and fee motions as untimely, and we remand to the district court to re-determine the timeliness of those motions in a manner consistent with this order and judgment, including clarification of its intent in entering the Stay Order.

13

**B.** **Denial of Gaedeke's Motions for an Extension of Time to File its Cost and Fee Motions**

As noted, the district court denied Gaedeke's motions seeking an extension of time to file its cost and fee motions based on Gaedeke's ignorance and/or mistake regarding Rule 54(d)(2)(B), which the court held did not constitute excusable neglect warranting relief under Rule 6(b) or Rule 60(b). But as we have explained, the Advisory Committee Notes did not necessarily abrogate or supersede the terms of the Stay Order. Accordingly, Gaedeke was not mistaken in believing that the district court had discretion to extend the time limit for filing fee motions until after the resolution of all appeals. Therefore, the district court abused its discretion in denying Gaedeke's requested extension on the basis of mistake or ignorance with respect to the Rule 54(b)(2)(B).

If, on remand, the district court again denies Gaedeke's cost and fee motions as untimely, we direct the court to reconsider Gaedeke's motions seeking an extension of time in a manner consistent with the principles discussed herein.

## III. Conclusion

The district court's denial of Gaedeke's cost and fee motions as untimely is reversed, and this case is remanded for further consideration of those motions and, if

appropriate, of Gaedeke's motions seeking an extension of time to file its cost and fee motions, all consistent with this order and judgment.

Entered for the Court


Monroe G. McKay
Circuit Judge